IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Alonza Rufus, ) | |
| ) | C/A No. 6:20-cv-1394-MBS |
| Petitioner, ) | |
| v. ) | |
| ) | |
| Margaret Seymour, Kevin F. McDonald, ) | |
| Courts of the United States, State Bar ) | |
| Of South Carolina, ) | |
| ) | **OPINION AND ORDER** |
| Respondents. ) | |
| _____) | |

On April 13, 2020, Michael Alonza Rufus ("Petitioner"), proceeding pro se, filed this mandamus action against the undersigned, United States Magistrate Judge Kevin F. McDonald, the Courts of the United States, and the State Bar of South Carolina ("Respondents"). Petitioner amended his petition on May 7, 2020. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to Magistrate Judge Kevin F. McDonald for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner is currently in custody of the Georgia Department of Corrections. According to Petitioner, Georgia law is applied to citizens, denizens, or temporary sojourners. ECF No. 1 at 1. Petitioner asserts that the charging document in his Georgia case failed to specify whether he was being charged as a citizen, denizen, or a temporary sojourner, thus, the judgment in his case is void. Id. at 1. Petitioner further asserts that the South Carolina Bar has created the practice and custom of assuming jurisdiction over sovereign citizens as universal "as if Congress' National

1

Corporate Society does not exist, and as if a jurisprudence of laws and jurisdictions has NOT been created in the States and United States for Congress' Corporate Society." Id. at 3.  Further, Petitioner alleges that the court has incorrectly previously referred to Petitioner as a prisoner, "legally presum[ing]" his "status" of a lawfully convicted citizen subject to the jurisdiction of the court. Id.  Petitioner seeks injunctive relief, as well as damages.

On May 20, 2020, the Magistrate Judge issued a Report and Recommendation ("Report"). ECF No. 12. In the Report, the Magistrate Judge determined Petitioner had not met the heavy burden of showing that he was entitled to "clear and indisputable" mandamus relief. Id. at 3. The Magistrate Judge concluded that claims against the undersigned and the Magistrate Judge should be dismissed pursuant to the doctrine of judicial immunity, as such claims arise from instances where the undersigned and the Magistrate Judge acted within their judicial capacity. Id. at 4 (citing Mireles v. Waco, 502 U.S. 9, 11–12 (1991); Stump v. Sparkman, 435 U.S. 349, 356–64 (1978)). Additionally, the Magistrate Judge found that Petitioner's claims against all Respondents were subject to dismissal for frivolity, noting that a complaint is frivolous if it based on a "meritless legal theory "or is "founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios." Id. at 5 (citing Harley v. United States, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004)).  The Magistrate Judge observed that Petitioner's claims are based upon his alleged status as a sovereign citizen, a theory with no basis in the law. Id. at 5-6 (citing Presley v. Prodan, C/A No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)). Petitioner filed objections to the Report on June 4, 2020. ECF No. 15.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

In his objections, Petitioner states that the Magistrate Judge's Report is "fraudulent." ECF No. 15 at 1. Petitioner then reiterates the allegations contained in his complaint, again stating that he is incorrectly referred to as a prisoner and that the undersigned and the Magistrate Judge should not participate in any legal claim brought by Petitioner. Petitioner's objections do not point to a specific error contained within the Magistrate Judge's Report. Nevertheless, the court has reviewed the Report, and finds that the Magistrate Judge correctly determined Petitioner failed to meet the high standard for mandamus relief, that Petitioner's claims against the undersigned and the Magistrate Judge are barred by the doctrine of judicial immunity, and that Petitioner's claims are frivolous.

## IV.  CONCLUSION

The court **ADOPTS** the Magistrate Judge's Report and incorporates it herein by reference. ECF No. 12. This matter is summarily **DISMISSED** with prejudice and without issuance and service of process. This action is hereby designated a "strike" within the meaning of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: June 30, 2020